UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANDREW P. LEVIN,
JAMES HARD,
MELISSA EDWARDS,
DANIEL J. CHAMBERLIN and
ANGELA DUNHAM,

    Plaintiffs,

v.

IMPACTOFFICE LLC and
OFFICE ESSENTIALS, INC.,

    Defendants.

Civil Action No. TDC-16-2790

## MEMORANDUM OPINION

Plaintiffs Andrew P. Levin, James Hard, Melissa Edwards, Daniel J. Chamberlin, and Angela Dunham have filed this action against ImpactOffice LLC and its subsidiary, Office Essentials, Inc. (collectively, "Impact"), seeking a declaratory judgment that the restrictive covenants in any employment agreements they have with Impact are unenforceable. In Count III of the First Amended Complaint, Edwards also alleges a violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 (2012). Pending before the Court is Impact's Motion to Dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion is denied.

## BACKGROUND

Impact is a supplier of office products and services, including office supplies, furniture, printing services, and related goods and services. Edwards was employed as a marketing

representative for an affiliate of Impact, George W. Allen, LLC, between 2012 and 2016. She resigned on May 6, 2016 in order to accept a job with W.B. Mason, a competitor of Impact.

While Edwards was employed by Impact, she purchased a personal cell phone through Impact, paying the entire cost of the phone through deductions from her paychecks. After she resigned, Edwards received a letter from Impact's counsel stating that her cell phone was Impact's property and demanding its return. Edwards deleted all emails that she had stored on the cell phone, including all emails that she had received on the cell phone from her personal Google Gmail email account, and returned the cell phone to Impact on May 23, 2016. After Impact received the cell phone, an unidentified Impact agent used the cell phone to access personal emails in Edwards' Gmail account, which were stored on Google's servers, on at least 40 occasions. Using the cell phone, the Impact agent arranged to forward Edwards' emails from Google's servers to Impact's counsel, including emails "that were sent and received by Ms. Edwards after she had resigned from Impact and emails exchanged between Ms. Edwards and her counsel, which were clearly marked" as privileged and confidential attorney-client communications and work product. Am. Compl. ¶ 93, ECF No. 3. Impact also used the cell phone to delete the emails on Google's servers that would reveal the forwarding of Edwards' emails to Impact.

On May 26, 2016, Impact filed a lawsuit in the Circuit Court for Prince George's County, Maryland against Edwards and Hard, which was then removed to this Court, alleging that the former employees breached the non-competition and non-solicitation provisions of their employment agreements with Impact. *See ImpactOffice LLC et al. v. Hard, et al.*, No. DKC-16-1675 (D. Md.). Impact voluntarily dismissed the case on August 2. The following day, Edwards, Hard, Chamberlin, and Dunham filed a lawsuit against Impact seeking a declaratory

judgment on the same issues. *See Hard et al. v. ImpactOffice LLC et al.*, No. TDC-16-2751 (D. Md. Aug. 3, 2016), ECF No. 1. Levin filed this lawsuit on August 8, seeking a declaratory judgment and alleging fraud in the inducement. On August 10, Edwards, Hard, Chamberlin, and Dunham voluntarily dismissed their suit and joined this litigation, filing the First Amended Complaint.

Count III of the First Amended Complaint alleges that Impact intentionally accessed Edwards' emails without authorization, in violation of the Stored Communications Act, 18 U.S.C. § 2701. According to Edwards, at the time of the alleged unauthorized access, the emails were "stored on a facility through which electronic communication service is provided," within the meaning of the SCA. Am. Compl. ¶ 98. Edwards alleges that as a result of this activity, she is entitled to monetary damages and preliminary, equitable, and declaratory relief. Impact filed a partial Answer and the pending Motion to Dismiss Count III.

## DISCUSSION

Impact seeks dismissal of Count III pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that Edwards has failed to state a plausible claim for relief under the SCA because she does not sufficiently allege that the emails were in electronic storage as defined by the SCA. Specifically, Impact contends that Edwards must allege that her emails had not been opened at the time of Impact's alleged access in order to state a claim under the SCA.

### I. Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal

conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. SCA

Edwards alleges that Impact is subject to civil liability under the SCA for accessing her personal emails without authorization. *See* 18 U.S.C. § 2707(a) (providing for a private, civil cause of action for knowing or intentional violations of the SCA). The SCA is violated when a person "intentionally accesses without authorization a facility through which an electronic communication service is provided" and "thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system[.]" *Id.* § 2701(a). "Electronic storage" is defined as: "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication[.]" *Id.* § 2510(17); *see also id.* § 2711(1) (incorporating the definitions in 18 U.S.C. § 2510 for purposes of the SCA).

Impact argues that Edwards has not sufficiently alleged that the emails were in "electronic storage" as defined by the SCA because she did not allege that the emails were unopened at the time that Impact accessed them. Impact contends that opened emails cannot be in "electronic storage" under either definition of electronic storage. Edwards argues that she is not required to allege that the emails were unopened in order to state a claim under the SCA and, in the alternative, requests leave to amend her claim to set forth additional allegations. Upon

consideration of both definitions of "electronic storage," the Court concludes that Edwards did not need specifically to allege that the emails were unopened in order to state an SCA claim.

A. "Temporary, Intermediate Storage"

Impact initially argues that emails that have already been opened cannot be in "electronic storage" pursuant to the first definition of that term, "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof." 18 U.S.C. § 2510(17)(A). This definition is generally understood to cover email messages that are stored on a server before they have been delivered to, or retrieved by, the recipient. *See, e.g., United States v. Councilman*, 418 F.3d 67, 81 (1st Cir. 2005) (en banc) ("The first category . . . refers to temporary storage, such as when a message sits in an e-mail user's mailbox after transmission but before the user has retrieved the message from the mail server."); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1075 (9th Cir. 2004) (collecting cases holding that emails are in "temporary, intermediate storage" when they are stored on an internet service provider's server and are "not yet delivered" to the recipient); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 114 (3d Cir. 2003) (finding that an email which had been successfully sent and received was not in temporary, intermediate storage). In another context, the United States Court of Appeals for the Fourth Circuit has indicated, without formally holding, that delivery of an email, and thus removal from temporary storage, occurs when the recipient opens the email. *See United States v. Cioni*, 649 F.3d 276, 286 (4th Cir. 2011) (noting *in dicta* in a criminal case that "access to unopened e-mails is a requirement for proving a violation of 18 U.S.C. § 2701(a)"); *see also Matter of Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197, 227 n.4 (2d Cir. 2016) (Lynch, J., concurring) ("[T]he majority view is that, once the user of an entirely web-based email service (such as Microsoft's) opens an email he has

5

received, that email is no longer 'in electronic storage' on an electronic communication service."). With this guidance, several district courts have concluded that opened emails are no longer in "temporary, intermediate storage." *See, e.g., Murphy v. Spring,* 58 F. Supp. 3d 1241, 1270 (N.D. Okla. 2014); *Lazette v. Kulmatycki,* 949 F. Supp. 2d 748, 758 (N.D. Ohio 2013); *United States v. Weaver,* 636 F. Supp. 2d 769, 771 (C.D. Ill. 2009). *But see Hoofnagle v. Smyth-Wythe Airport Comm'n,* No. 1:15CV00008, 2016 WL 3014702, at *10 (W.D. Va. May 24, 2016) ("[F]or the purposes of establishing a claim under the SCA, I do not think it makes any difference whether an email stored on an internet service provider's server has been opened or not.").

Although Edwards claims that "electronic storage" should cover "all stored electronic communications regardless of whether the communications were opened or unopened at the time a defendant accessed them," Opp'n at 6, ECF No. 13, the Court cannot accept that view because the term "temporary, intermediate storage" necessarily places some limit on the range of emails covered. The Court therefore follows the weight of authority that deems "temporary, intermediate" storage status under § 2510(17)(A) to end when the emails have been delivered and opened by the recipient. To extend it any further would run afoul of the plain meaning of the terms "temporary" and "intermediate."

It does not follow, however, that a plaintiff must specifically allege that the emails at issue were unopened at the time of the unauthorized access in order to state a claim under the SCA. As Edwards argues, this is a fact-intensive question. Although Impact asserts that the emails it allegedly accessed had been previously opened or accessed by Edwards, there is no evidence before the Court to support that contention. Edwards alleged that Impact accessed her email without authorization shortly after her resignation, including emails that had been "sent

and received" after she resigned. The First Amended Complaint does not specifically state whether any of those emails had previously been opened, and there is no basis upon which to presume that Edwards must have already opened all of the accessed emails prior to Impact's intrusion. Viewing the allegations in the light most favorable to Edwards, as is required on a motion to dismiss, the Court can reasonably infer that at least some of the emails were unopened at the time of the alleged access and were therefore in temporary, intermediate storage as defined by the SCA. *See, e.g., Pascal Pour Elle, Ltd. v. Jin*, 75 F. Supp. 3d 782, 788-89 (N.D. Ill. 2014) (collecting cases and noting that "somewhat vague allegations regarding electronic storage" have generally been held to be sufficient on a motion to dismiss an SCA claim); *Rene v. G.F. Fishers, Inc.*, 817 F. Supp. 2d 1090, 1097 (S.D. Ind. 2011) ("[Plaintiff's] complaint does not state whether the email messages accessed by the Defendants had already been opened by her, but [plaintiff] is not required to allege such details at this stage. By alleging that the Defendants made unauthorized access to her email, [plaintiff] has satisfied her burden of asserting a violation of the SCA."). Edwards was not required specifically to state in the complaint that Impact accessed the email communications before they were opened in order to allege that the accessed communications were in "electronic storage," as necessary to state a claim under the SCA.

**B.    "Storage . . . for Purposes of Backup Protection"**

Even if it were necessary to assert in the complaint that all of the accessed emails were unopened in order to allege "electronic storage" under § 2510(17)(A), the Court concludes that Edwards nevertheless has properly alleged that the emails were in "electronic storage" under the second definition, in that they were in "storage . . . for purposes of backup protection of such communication[.]" 18 U.S.C. § 2510(17)(B). Although the Fourth Circuit has not interpreted

7

this provision, the United States Court of Appeals for the Ninth Circuit has described the type of emails deemed to be stored for purposes of backup protection:

> An obvious purpose for storing a message on an [Internet service provider]'s server after delivery is to provide a second copy of the message in the event that the user needs to download it again—if, for example, the message is accidentally erased from the user's own computer. The ISP copy of the message functions as a "backup" for the user. Notably, nothing in the Act requires that the backup protection be for the benefit of the ISP rather than the user. Storage under these circumstances thus literally falls within the statutory definition.

*Theofel*, 359 F.3d at 1075. In *Theofel*, the court held that certain emails "remaining" on the server of an internet service provider ("ISP") "after delivery" were "in electronic storage" for purposes of backup protection within the meaning of § 2510(17)(B). *Id.* In so ruling, the court drew a distinction between an email system under which an email is downloaded to an electronic device, such that the retained copy on the ISP's server can be deemed to be a "backup" copy, and an email system under which an ISP's server is "the only place a user stores his messages," in which case the emails would not have been "stored for backup purposes." *Id.* at 1076-77 (stating that "the mere fact that a copy *could* serve as a backup does not mean it is stored for that purpose"). Thus, whether an email on an ISP's server is in "electronic storage" under § 2510(17)(B) may depend on whether the email acts as a backup to an identical version on a user's own electronic device.

Although applying the definitions of "electronic storage" is a difficult endeavor because the technology relating to emails and other electronic communications has changed since the enactment of the SCA and the issuance of many of the judicial opinions interpreting the law, Edwards' allegations, viewed in the light most favorable to her, support the inference that the emails improperly accessed from the Google server were stored for "backup protection." 18 U.S.C. § 2510(17)(B). Edwards alleged that she physically deleted emails from her Gmail

account from her cell phone before surrendering it to Impact, thus indicating that actual copies of her email messages were typically downloaded to her cell phone. The versions contained on the Gmail server therefore could fairly be described as retained to "provide a second copy of the message in the event that the user needs to download it again." *Theofel*, 359 F.3d at 1075. Accordingly, within the terminology of the SCA, Edwards' Gmail emails could be deemed to be stored on the server "for purposes of backup protection." 18 U.S.C. § 2510(17)(B).

As with § 2510(17)(A), Impact argues that only unopened emails can be deemed to be in "electronic storage" under § 2510(17)(B). But there is nothing in that provision that requires emails to be unopened in order to qualify as in storage "for purposes of backup protection." In finding that "prior access is irrelevant to whether the messages at issue were in electronic storage," the *Theofel* court noted that "[i]n contrast to subsection (A), subsection (B) does not distinguish between intermediate and post-transmission storage." 359 F.3d at 1075, 1077. Rather, "[b]y its plain terms, subsection (B) applies to backup storage regardless of whether it is intermediate or post-transmission." *Id.* at 1076. To conclude that only unopened emails could be deemed to be stored for backup purposes would render § 2510(17)(B) "superfluous," because such "temporary, intermediate" emails would already be deemed to be in "electronic storage" under § 2510(17)(A). *Id.* at 1075-76.

The Court finds the reasoning of *Theofel* persuasive. Contrary to Impact's claim, other circuits have not adopted the opposite conclusion. Without deciding the issue explicitly, the United States Court of Appeals for the Third Circuit has cast doubt on the position that delivered, opened emails could not be deemed to be stored for backup protection. *Fraser*, 352 F.3d at 114 (concluding that the district court's holding that "post-transmission" emails were not in backup storage under the SCA was "questionable" and "assuming without deciding that the e-mail in

9

question was in backup storage"). Although the United States Court of Appeals for the Eighth Circuit criticized *Theofel* in *Anzaldua v. Northeast Ambulance & Fire Protection District*, 793 F.3d 822 (8th Cir. 2015), that court explicitly concluded that it "need not decide" whether *Theofel* was correct because the email in question, which was saved on the server as a "sent" email in the sender's email account, could not be deemed to be saved for purposes of backing up a copy received and downloaded by the recipient. *Id* at 840-42.

Notably, several district courts have concluded that, where a user downloads emails from a web-based email service to an electronic device, opened emails retained on the ISP's server may still be in "electronic storage" under § 2510(17)(B) because they are in "storage . . . for purposes of backup protection." *See, e.g., Cheng v. Romo*, No. 11-10007-DJC, 2013 WL 6814691, at *4 (D. Mass. Dec. 20, 2013) (noting that "[t]he web based access mechanism is simply the modern day equivalent of how email was accessed in 1986, when the SCA was passed"); *Strategic Wealth Grp., LLC v. Canno*, No. 10-0321, 2011 WL 346592, at *4 (E.D. Pa. Feb. 4, 2011); *Bailey v. Bailey*, No. 07-11672, 2008 WL 324156, at *6 (E.D. Mich. Feb. 6, 2008). Other cases in which the court found that opened emails were not stored for "backup protection" under § 2510(17)(B) are readily distinguishable because they involved web-based email systems in which no copy of the email is downloaded to the user's electronic device, such that there is no second copy to which the email on the server could be a "backup." *See, e.g., Weaver*, 636 F. Supp. 2d at 772 (distinguishing *Theofel* on the basis that users of the Hotmail service at issue generally "default to saving their messages only on the remote system"); *Jennings v. Jennings*, 736 S.E.2d 242, 245 (S.C. 2012) (holding that where the email user "left the single copies of his e-mails on the Yahoo! server and apparently did not download them or save another copy of them in any other location," retaining an opened email did not constitute

"storing it for backup protection under the Act"); *see also Anzaldua*, 793 F.3d at 841-42 (discussing cases distinguishing *Theofel* on the basis that the email service at issue did not involve saving a copy of the message to the user's electronic device); *cf. Theofel*, 359 F.3d at 1077 ("A remote computing service might be the only place a user stores his messages; in that case, the messages are not stored for backup purposes.").

Accordingly, the Court concludes that it was not necessary for Edwards to allege that the emails were unopened in order to state a claim under the SCA. Where Edwards' assertions in the First Amended Complaint suggest that Edwards stored copies of the emails from her personal Gmail account on her cell phone while also maintaining copies on Google's servers, she has adequately alleged that the emails were in "electronic storage" because they were stored for backup purposes, regardless of whether they were unopened. *See* 18 U.S.C. § 2510(17)(B). Whether her email system was such that she, in fact, downloaded such copies is a factual question that need not be resolved at this time.

In order to prevail on her claim, Edwards will be required to prove that the allegedly accessed emails were either unopened and in temporary storage under § 2510(17)(A) or were stored for the purposes of backup protection under § 2510(17)(B). At the motion to dismiss stage, however, her allegations are sufficient to state a plausible claim under the SCA and to put Impact on notice of the nature of that claim. The Motion to Dismiss is therefore denied.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is DENIED. A separate Order shall issue.

Date: July 10, 2017

THEODORE D. CHUANG
United States District Judge